UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FRANCIS MCADAMS, and MARTIN ROUSSO,

            Plaintiffs,

       v.

STONELEIGH RECOVERY ASSOCIATES,
LLC, BUREAUS INVESTMENT GROUP
PORTFOLIO NO. 15, LLC,

            Defendants.
------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
16-CV-5517 (JMA) (GRB)

**FILED**
**CLERK**
9/27/2018 4:06 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**APPEARANCES:**

    David M. Barshay
    Sanders Law, PLLC
    100 Garden City Plaza, Suite 500
    Garden City, NY 11530
        *Attorney for Plaintiffs*

    Nicole Strickler
    Messer Strickler, Ltd.
    225 W. Washington St., Suite 225
    Chicago, IL
        *Attorney for Defendants*

**AZRACK, United States District Judge:**

    Plaintiffs Francis McAdams and Martin Rousso allege that they received debt collection letters that violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq. Defendant Stoneleigh Recovery Associates, LLC ("Stoneleigh") sent the letters at issue to plaintiffs in an attempt to collect credit card debts owned by defendant Bureaus Investment Group Portfolio No. 15, LLC ("Bureaus"), the creditor for those debts. The parties have filed cross-motions for summary judgment. For the reasons set forth below, defendants' motion is GRANTED and plaintiffs' motion is DENIED.

1

# I. BACKGROUND

After McAdams obtained a credit card through Capital One Bank and incurred a debt on the card, Bureaus acquired the debt. (Decl. of Francis McAdams ¶¶ 2–4, ECF No. 36; Pls.' 56.1 Statement ¶ 11, ECF No. 32.) On January 22, 2016, Stoneleigh sent McAdams a letter that sought to collect a debt of $3,206.98. (McAdams Decl. Ex. 2.) At both the top and bottom of the letter, the "Current Balance Due" is listed as $3,206.98. (Id.) The body of the letter indicates, among other things, that Bureaus "has referred your delinquent account of $3,206.98 to this agency for collection." (Id.) The following itemization also appears below the author's signature on the letter:

> Total debt amount due as of charge-off: $3,206.98
> Total interest amount accrued since charge-off: $0.00
> Total non-interest charges/fees accrued since charge-off: $0.00
> Total payments made since charge-off: $0.00.

(Id.) McAdams was sent another letter on March 3, 2016, which reiterated that the "Current Balance Due" was $3,206.98. (Id. Ex. 3.)

On December 21, 2015, Rousso was sent a letter that is identical in all relevant respects to the January 22, 2016 letter sent to McAdams except for the fact that Rousso's debt was $9,616.37. (Decl. of Martin Rousso Ex. 1, ECF No. 35.) Like McAdams, Rousso had also incurred a debt on his Capital One credit card that was subsequently acquired by Bureaus. (Decl. of Martin Rousso ¶¶ 2–4; Pls.' 56.1 Statement ¶ 11). Rousso was sent additional letters on February 3, 2016, and May 4, 2016, both of which reiterated that the "Current Balance Due" was $9,616.37. (Rousso Decl. Exs. 2–3.)

Plaintiffs allege that the December 21, 2015 and January 22, 2016 collection letters sent by Stoneleigh violate the FDCPA in various respects.

## II. DISCUSSION

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) "mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law,'" while "[a]n issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Konikoff v. Prudential Ins. Co. of Am., 234 F.3d 92, 97 (2d Cir. 2000) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "When ruling on a summary judgment motion, [the court] must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003).

### B. The FDCPA and the Second Circuit's Decisions in Avila and Taylor

Plaintiff brings claims under Sections 1692e, 1692f, and 1692g of the FDCPA. Under 15 U.S.C. § 1692e, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section 1692e sets out a non-exhaustive list of ways in which this general prohibition can be violated. For example, a debt collector may not: make false representations about "the character, amount, or legal status of any debt" or "any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt," 15 U.S.C. § 1692e(2); threaten "to take any action that cannot legally be

3

taken or that is not intended to be taken," id. § 1692e(5); or use "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," id. § 1692e(10).

In determining whether a collection letter violates Section 1692e, courts apply the "least sophisticated consumer" standard. Avila v. Reixinger & Assocs., LLC, 817 F.3d 72, 75 (2d Cir. 2016); Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993). This standard "ask[s] how the least sophisticated consumer—'one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer'—would understand the collection notice." Avila, 817 F.3d at 75 (quoting Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996)). "Under this standard, a collection notice can be misleading if it is 'open to more than one reasonable interpretation, at least one of which is inaccurate.'" Id. (quoting Clomon, 988 F.2d at 1319). However, this standard also "protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices." Clomon, 988 F.2d at 1320.

Plaintiff also brings claims under Section 1692g, which requires that a collection letter state "the amount of the debt," and Section 1692f, which prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt," including collecting "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

The instant suit is one of many filed in the aftermath of the Second Circuit's 2016 decision in Avila, 817 F.3d 72, which held that when a debt is accruing interest or fees, a debt collector violates the FDCPA by stating the "current balance" of the consumer's debt without disclosing that the balance is increasing due to the accrual of interest or fees.

In Taylor v. Fin. Recovery Servs., Inc., 886 F.3d 212, 213 (2d Cir. 2018), the Second Circuit addressed Avila's applicability to instances where, unlike in Avila, the defendant claims that interest was not accruing on the debt. The Taylor panel rejected the argument "that a debt collector commits a per se violation of Section 1692e whenever it fails to disclose whether interest or fees are accruing on a debt." Id. at 214. Ruling against the plaintiffs, the Taylor panel held that "[c]onstruing the FDCPA in light of its consumer protection purpose, . . . a collection notice that fails to disclose that interest and fees are not currently accruing on a debt is not misleading within the meaning of Section 1692e." Id. at 215. The Taylor panel also read Sections 1692e and 1692g "in harmony," and concluded that "if a collection notice correctly states a consumer's balance without mentioning interest or fees, and no such interest or fees are accruing, then the notice will neither be misleading within the meaning of Section 1692e, nor fail to state accurately the amount of the debt under Section 1692g." Id. at 215. Finally, the Taylor panel rejected the plaintiffs' argument that the collection letters at issue were misleading because the creditor, who had stopped accruing interest on plaintiffs' debts, still retained the right to do so in the future.[1] Id.

## C. Analysis

### 1. Plaintiffs' Avila Claims Concerning Interest and Late Fees

Defendants argue that Avila does not apply here because they did not assess any interest or late fees on plaintiffs' accounts. Plaintiffs disagree, arguing that this case is governed by Avila because, according to plaintiffs, the debts at issue here continued to automatically accrue interest and late fees pursuant to the terms of plaintiffs' credit card agreements. Plaintiffs also maintain that, even if defendants temporarily waived such interest and late fees, defendants and any

---

[1] After briefing for the instant motion was completed, the parties filed numerous letters citing supplemental authority, including the district court's decision in the Taylor case. Neither party, however, has filed anything concerning the Second Circuit's decision in Taylor.

5

subsequent purchasers of the debt had the right to impose the interest and late fees at any time. Plaintiffs' arguments are not persuasive and are untenable after Taylor.

As an initial matter, it is clear that defendants did not actually assess any interest on plaintiffs' accounts.[2] Defendants submitted unrebutted affidavits attesting that they did not assess any interest or late fees on plaintiffs' accounts. (See Aff. of Aristotle Sandalang, ECF No. 30-1; Aff. of Nikki Noyes, ECF No. 30-2). Those affidavits are corroborated by the subsequent debt collection letters that Stoneleigh sent to plaintiffs, all of which listed the same unchanging balances for each plaintiff. Although plaintiffs submitted declarations asserting that they periodically received, at unspecified times, statements for their credits cards that showed accrued interest and fees on any balances carried forward, those declarations do not indicate that their accounts with Bureaus were accruing any interest at the time the debt collection letters at issue were sent.

Plaintiffs, however, insist that, even if defendants did not assess any interest on plaintiffs' accounts, interest was still automatically accruing on plaintiffs' debts pursuant to the underlying credit card agreements. Relatedly, plaintiffs argue that: (1) Bureaus still had the right, at any time, to seek any interest and fees even if Bureaus had temporarily waived that right; and (2) if Bureaus sold or transferred the debts, then the new creditor would have the right to seek interest on plaintiffs' debts.

The plaintiffs in Taylor raised similar arguments, contending that the collection notices they received were "misleading because, even if [the creditor] did not accrue post-placement

---

[2] Plaintiffs do not dispute this point and, instead, take the position that whether or not defendants actually assessed interest on plaintiffs' accounts is "irrelevant." (Pl.'s Reply Br. at 5, ECF No. 41; see also Pls.' May 23, 2017 Ltr. at 1-2, ECF No. 43); cf. Taylor, 886 F.3d at 215 (precluding plaintiffs from arguing on appeal that the creditor continued to accrue interest on their debts after arguing below that "'whether the[ir] accounts were actually accruing interest and fees at the time they were with [the collection agent] is irrelevant'").

6

interest on their debts, it nonetheless retained the right to do so." Taylor, 886 F.3d at 215. The Second Circuit rejected this argument, reasoning that:

> Even if such a right existed, [the] collection notices were not misleading because no interest or fees were being charged and [the plaintiffs] could have satisfied their debts by making reasonably prompt payment of the amounts stated in the notices. In other words, the debts remained static long enough to permit [the plaintiffs] to satisfy them through prompt repayment of their respective balances due, and, as we have already explained, failing to disclose that a debt is static is not misleading within the meaning of Section 1692e.

Id.

The same is true here. The record shows, indisputably, that the debts of McAdams and Rousso "remained static long enough to permit [the plaintiffs] to satisfy them through prompt repayment of their respective balances due." Taylor, 886 F.3d at 215. A reasonable jury could not find otherwise.

In their supplemental letter addressing the district court's decision in Taylor, plaintiffs argued the district court's decision was distinguishable because the plaintiffs in Taylor only brought claims under Section 1692e and, unlike the instant case, did not allege causes of action under 1692g. The Taylor panel, however, read those two provisions of the FDCPA in harmony. Because the collection letters at issue here stated the correct balance of plaintiffs' static debts, those letters did not violate Section 1692g. See Hussain v. Alltran Fin., LP, No. 17-CV-3571, 2018 WL 1640584, at *3 (E.D.N.Y. Apr. 4, 2018).

Plaintiffs also argue that, even if interest was not accruing on their debts, the collection letters were misleading because they could reasonably be interpreted to imply that interest and late fees may (or will) continue to accrue on the debts. In support of this interpretation, plaintiffs rely on the fact that: (1) credit cards debts such as these generally accrue interest and late fees; (2) plaintiffs were not explicitly told that interest and late fees would no longer accrue; and (3) the

7

collection notices use the phrase "Current Account Balance," which plaintiffs maintain implies that the balance may increase in the future due to accruing interest and late fees.

Plaintiffs' arguments are not persuasive. Even when viewed in light of the fact that these were credit card debts, the phrase "Current Account Balance" cannot reasonably be construed, under the least sophisticated consumer standard, as implying that the debts at issue may (or will) accrue interest or late fees, particularly when the collection letters also state that no interest and fees have accrued since charge-off. See Hussain, 2018 WL 1640584, at *1 (dismissing similar claim where plaintiff argued that confusion in collection letter for credit card was "compounded by the fact that the letter lists the 'current amount due,' which suggests that the balance may increase in the future."); Ghulyani v. Stephens & Michaels Assocs., Inc., No. 15-CV-5191, 2015 WL 6503849, at *3 (S.D.N.Y. Oct. 26, 2015) (rejecting similar argument where collection letter identified the "Balance Due as of the Date of this Letter" and reasoning that the "interpretation espoused by [the plaintiff] is indeed idiosyncratic—much more likely to be arrived at by an enterprising plaintiff's lawyer than by a least sophisticated consumer").

Although the Taylor panel did not address plaintiffs' precise argument concerning the phrase "Current Account Balance," one footnote in Taylor arguably lends some support to plaintiffs' position. However, for the reasons explained below, the Court concludes that Taylor does not ultimately help plaintiffs.

In holding that "a collection notice that fails to disclose that interest and fees are not currently accruing on a debt is not misleading within the meaning of Section 1692e," Taylor, 886 F.3d at 215, the Taylor panel noted that it was joining the Seventh Circuit, which, according to the Taylor panel, had held that:

> If the debt collector is trying to collect only the amount due on the date the letter is sent, then he complies with the Act by stating the "balance" due, stating that the

8

> creditor "has assigned your delinquent account to our agency for collection," and asking the recipient to remit the balance listed—and stopping there, without talk of the "current" balance.

Id. at 215 n. 1 (quoting Chuway v. Nat'l Action Fin. Serv., Inc., 362 F.3d 944, 949 (7th Cir. 2004)). At first blush, this footnote from Taylor might appear to support plaintiffs' argument that the references to "Current" balances in their collection letters violate Section 1692e because their debts were static. However, such a reading of Taylor is not persuasive for two reasons. First, the collection letters at issue in Taylor also included references to a "Current Balance." Although this fact is not referenced in the Second Circuit's opinion, the district court's decision below makes this fact clear. Taylor v. Fin. Recovery Servs., Inc., 252 F. Supp. 3d 344, 347 (S.D.N.Y. 2017). It is doubtful the Second Circuit overlooked this fact. Second, Chuway, the Seventh Circuit case cited in Taylor's footnote, did not hold that there is a per se violation every time a collection letter for a static credit card debt uses, without further explanation, the term "current balance." In Chuway, the defendant debt collector conceded that the entire debt it was hired to collect was a static $367.42. Chuway, 362 F.3d at 947. However, the collection letter at issue, after listing this $367.42 "balance," went on to state: "To obtain your most current balance information, please call 1–800–916–9006." Id. Thus, the letter in Chuway strongly implied that the $367.42 "balance" listed would be increasing due to interest and would not be the "current" balance in the future. Here, the mere fact that the term "Current Account Balance" was used in connection with a static credit card debt is insufficient to render that statement misleading under Section 1692e. The facts of Chuway suggest that Taylor's reference to Chuway was not intended to establish a rigid rule that references to a "current" balance in the context of static credit debts are generally improper.

Finally, plaintiffs cite to Islam v. Am. Recovery Serv. Inc., No. 17-CV-4228, 2017 WL 4990570 (E.D.N.Y. Oct. 31, 2017), which held that when interest is not accruing, Section 1692e

9

is violated if the collection letter references the amount due "as of the date of this letter" because such language can imply that interest is accruing. Given that Islam—which openly criticized Avila—was decided prior to Taylor, the Court does not find Islam's analysis of this issue persuasive. Islam viewed Avila as compelling "the conclusion that any ambiguity as to post-dated accruals in a collection notice gives rise to a claim under the general prohibition of § 1692e—even if the ambiguity does no harm or even inures to the benefit of the debtor." Islam, 2017 WL 4990570, at *2. Taylor, however, made clear that Avila is not so expansive. See Taylor, 886 F.3d at 214. Moreover, it is notable that, on appeal, the Taylor plaintiffs' reply brief cited the excerpt of Islam quoted above, and the Second Circuit implicitly rejected Islam's analysis. (Appellants' Reply Brief, Taylor v. Financial Recovery Services, Inc., No. 17-1650-cv, 2017 WL 5152209, at *10–11 (2d Cir.) (Nov. 3. 2017)).

### 2. Plaintiffs' Challenges to the Non-Interest Charges Provision

Plaintiffs challenge the provisions in the collection letters stating "Total non-interest charges/fees accrued since charge-off: $0.00" (the "Non-Interest Charges Provision"). New York law requires the itemization of such charges in the precise language used in the collection letters. See 23 NYCRR 1.

Plaintiffs assert that the Non-Interest Charges Provision violates the FDCPA in various ways because, according to plaintiffs, defendants did not have the right, under the respective credit card agreements, to add any "non-interest charges/fees" in the future. Plaintiffs argue that, absent such a right, the Non-Interest Charges Provision is improper because it can be reasonably interpreted to mean that there could be "non-interest charges/fees" added to the debts in the future and, thus, falsely implies that defendants have such a right.[3]

---

[3] In arguing that the least sophisticated consumer could interpret the Non-Interest Charges Provision to mean that such charges could be assessed in the future, plaintiffs cite to Tylke v. Diversified Adjustment Serv., Inc., No. 14-CV-

10

This argument fails because Bureaus does have the right to charge such fees in the future. Specifically, plaintiffs' credit card agreements provide for a "Returned Payment Fee," which can be charged "each time your financial institution for any reason rejects a payment you make to us." (McAdams Decl. Ex. 3 at 3; Rousso Decl. Ex. 4 at 3.) Plaintiffs confusingly assert that such fees, "by their very nature . . . can only be charged on active accounts." (Pls.' Reply Br. at 10, ECF No. 41.) This argument makes no sense. Bureaus could have imposed a Returned Payment Fee if one of the plaintiffs, after receiving a collection letter, attempted to pay some or all of the debt using a check that ultimately bounced. Plaintiffs provide no reasoned analysis to the contrary.

At one point, plaintiffs also argue that they have a claim because the Non-Interest Charges Provision can be reasonably interpreted in two different ways, either: (1) "that no part of the debt consists of 'non-interest charges/fees accrued since charge-off"; and (2) "that there are no 'non-interest charges/fees' at the time the letters were sent to Plaintiffs, but that such charges and fees could be assessed later on." (Pls.' Br.. at 21, ECF No. 37.) Plaintiffs insist that one of these two interpretations must be inaccurate. This argument is unavailing. As explained above, the second interpretation is not inaccurate. Also, contrary to plaintiffs' suggestion, these two interpretations are not mutually exclusive. It can be true both that no part of the debt owed includes "non-interest charges/fees accrued <u>since charge-off</u>" and that such charges/fees may be added later. (<u>Id.</u> (emphasis added).) And, critically, plaintiffs have not offered any explanation as to how their first

---

748, 2014 WL 5465173, (E.D. Wis. Oct. 28, 2014). As explained <u>infra</u>, even assuming that this provision could reasonably be interpreted in such fashion, it is not inaccurate. Accordingly, it is unnecessary to address <u>Tylke</u> in great detail. That said, the Court notes that <u>Tylke</u> is distinguishable as it did not apply the same standard employed in the Second Circuit and it addressed language that is not analogous to the Non-Interest Charges Provision at issue here. <u>See also</u> <u>Dick v. Enhanced Recovery Co., LLC</u>, No. 15-CV-2631, 2016 WL 5678556, at *5 n. 4. (E.D.N.Y. Sept. 28, 2016).

11

interpretation of this provision—"that no part of the debt consists of 'non-interest charges/fees accrued <u>since charge-off</u>"—is inaccurate.[4]

Finally, the parties spar over whether the FDCPA preempts the New York State regulation that requires the itemized disclosure at issue.  It is unnecessary to reach that question because, contrary to plaintiffs' argument, the Non-Interest Charges Provision does not violate any sections of the FDCPA cited by plaintiffs since plaintiffs were, in fact, potentially subject to certain non-interest fees.

### III.  CONCLUSION

For the reasons stated above, defendants' motion for summary judgment is GRANTED and plaintiffs' motion for summary judgment is DENIED.  The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated:  September 27, 2018
Central Islip, New York

                                                                /s/ (JMA)
                                                             JOAN M. AZRACK
                                                             UNITED STATES DISTRICT JUDGE

---

[4] Plaintiffs never argue that the Non-Interest Charges Provision could be reasonably interpreted to mean that "non-interest charges/fees" will <u>not</u> be assessed in the future.  And, even if plaintiffs did raise such an argument, it is not tenable.  The collection letters simply state that no "non-interest charges/fees" have accrued since charge-off and say nothing about what might happen in the future.  The least sophisticated consumer would not interpret this provision as saying anything—one way or the other—about the possibility of "non-interest charges/fees" being imposed in the future.  <u>See</u> <u>Dick</u>, 2016 WL 5678556, at *6 (finding that unsophisticated consumer would not assume that provision stating "Non-interest Charges and Fees:  $0.00," "was anything but a breakdown of the debt owed" and would not construe language "as a threat that non-interest charges and fees will be charged in the future.").